IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>vs.<br><br>RYAN KING STEADY,<br><br>Defendant. | CR 21-27-BLG-SPW<br><br>ORDER |

Defendant Ryan King Steady, appearing pro se, moves the Court to "Correct Clerical Error in the Record Pursuant to Rule 36." (Doc. 62). He argues that the Court neglected to compute his time served in the Gallatin County Detention Center between April 17, 2021, and May 17, 2021, as well as the time he was incarcerated between August 2, 2021, and January 6, 2023. (*Id.* at 1).

In response, the Government asks the Court to dismiss the motion because Steady has not exhausted his administrative remedies, or, alternatively, because the District of Montana is not the proper venue for this suit. (Doc. 63 at 2–4).

For the reasons stated below, the Court denies the motion.

Steady was sentenced in the District of Montana on January 6, 2023, to 120 months imprisonment. (Doc. 59 at 2). Prior to his sentencing, he spent 496 days in custody. (Doc. 61 at 2). He is currently in the custody at FCI La Tuna in Anthony,

1

Texas, and his release date is April 28, 2031. *See* Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed Mar. 25, 2024).

From the substance of Steady's motion, the Court believes the "clerical error" is the Bureau of Prison's failure to apply Steady's pre-sentencing jail time. The Court thus construes Steady's motion as a petition for habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence. *See Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (finding that a challenge to the application of time spent in state custody to a federal sentence is "an action maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").

A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district where the petitioner is confined. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (finding that in habeas cases under § 2241, "jurisdiction lies in only one district: the district of confinement").

Steady is not in custody within the jurisdiction of the District of Montana, so venue is improper in Montana. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

If Steady wishes to proceed, he may file a habeas petition in the U.S. district Court for the Western District of Texas.[1]

Accordingly, IT IS HEREBY ORDERED that Defendant Ryan Steady King's Motion to "Correct Clerical Error in the Record Pursuant to Rule 36" (Doc. 62) is DENIED.

DATED this 26th day of March, 2024.

SUSAN P. WATTERS
United States District Judge

---

1. Anthony, Texas, is located in El Paso County, Texas within the Western District of Texas. *See* Town of Anthony Texas, *Town History*, https://townofanthony.org/welcome/town-history/ (accessed Feb. 22, 2024); United States District Court Western District of Texas, *Office Locations, El Paso*, https://www.txwd.uscourts.gov/court-information/office-locations/#ElPasos.gov (accessed Feb. 22, 2024).